PER CURIAM.*
_jjln 2007, respondent, Eric F. Wright, Sr., was conditionally admitted to the practice of law in Louisiana for a period of two years, in part based upon his involvement in an incident of domestic violence. In re: Wright, 06-2395 (La.12/7/07), 969 So.2d 1250. In 2010, following two additional instances of violent behavior, the court extended respondent’s probation for two years. In re: Wright, 06-2395 (La.3/5/10), 29 So.3d 1238.
In July 2012, the Office of Disciplinary Counsel (“ODC”) filed a motion in this court seeking the revocation of respondent’s conditional admission based upon his recent conviction of two counts of simple battery. We issued an order remanding this matter for an expedited hearing, “at which time respondent shall be required to show by clear and convincing evidence why his conditional admission should not be permanently revoked.” Despite notice, respondent failed to appear at the hearing or present any evidence in opposition to the ODC’s motion to revoke his conditional admission.
The matter proceeded to a hearing before the committee. The ODC introduced evidence demonstrating that respondent had been arrested in Baton Rouge in September 2011 and charged with four criminal counts. It further produced evidence *444 indicating respondent was tried and convicted of two counts of simple battery on July 2, 2012. Respondent’s practice monitor confirmed that respondent did not tell him about his arrest or the convictions until he was |2specifically questioned about the matter. Furthermore, respondent’s affidavit of compliance with the conditions of his admission, submitted to the ODC on July 9, 2012, makes no mention of his criminal convictions of one week prior.
Based upon these findings, the committee concluded that respondent’s conviction of two counts of simple battery, his prior criminal history, and his lack of candor with his practice monitor and the ODC are “serious transgressions” which warrant the revocation of his conditional admission, effective immediately.
The record fully supports the committee’s findings. Respondent’s infractions are particularly egregious because they occurred after this court granted him the privilege of practicing law on a conditional basis. Respondent has flagrantly and blatantly ignored his obligations under this court’s prior orders and has convincingly demonstrated he lacks the character and moral fitness to practice law in Louisiana. His conditional admission must be permanently revoked.
DECREE
Considering the record of this matter, and the findings and recommendation of the hearing committee, it is ordered that the conditional admission to practice law in the State of Louisiana granted to Eric F. Wright, Sr., Louisiana Bar Roll No. 31405, be immediately and permanently revoked and that his name be permanently stricken from the roll of attorneys.
JOHNSON and WEIMER, JJ., agree with revoking conditional admission, but not permanently.

 Chief Justice Kimball not participating in the opinion.